Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Plaintiff Lisa Brown*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LISA BROWN, an individual;<br><br>　　　　　Plaintiff,<br><br>　– against –<br><br>PIXELRANGE, INC., a Tennessee corporation; KENNETH HOPKINS, an individual; and DOES 1 through 5;<br><br>　　　　　Defendants.<br>_____<br>PIXELRANGE, INC., a Tennessee corporation;<br><br>　　　　　Counter-Plaintiff,<br><br>　– against –<br><br>LISA BROWN, an individual, and ROES 1 through 20;<br><br>　　　　　Counter-Defendant. | Case No. 2:15-cv-02077-JAK-MAN<br><br>**PLAINTIFF'S MOTION FOR PREVAILING PARTY ATTORNEY'S FEES AGAINST DEFENDANT PIXELRANGE, INC.**<br><br>Hon. John A. Kronstadt |

NOTICE OF MOTION FOR PREVAILING PARTY ATTORNEY'S FEES AGAINST DEFENDANT PIXELRANGE, INC.

PLEASE TAKE NOTICE that, on February 6, 2017, at 8:30 a.m. or as soon thereafter as counsel may be heard before the Honorable John A. Kronstadt in Courtroom 750 of the above-entitled court, located at 255 E. Temple St., Los Angeles, CA 90012, Plaintiff Lisa Brown will and hereby does move for an order awarding prevailing party attorney's fees in the amount of $7,987.95 against Defendant PixelRange, Inc., on the grounds that the essential claim upon which Plaintiff prevailed entitles her to recover her reasonable attorney's fees and that this amount is *per se* reasonable because it is no greater than what the Court's rules require to be awarded in the case of a default judgment.

This motion is and will be based upon the grounds set forth in the following brief in support of this motion, upon the record on file in this action, and upon such other evidence and argument as may be presented to the Court at or before the hearing.

This motion is made without a conference with opposing counsel pursuant to L.R. 7-3 because PixelRange is not represented by counsel and because Plaintiff's undersigned counsel has ascertained from communications with counsel for one of PixelRange's principals that PixelRange will not consent to the relief requested by this motion.

**BRIEF IN SUPPORT OF MOTION FOR PREVAILING PARTY ATTORNEY'S FEES AGAINST DEFENDANT PIXELRANGE, INC.**

Plaintiff Lisa Brown hereby moves to recover a small portion of her reasonable attorney's fees, in the limited amount of $7,987.95, against Defendant PixelRange, Inc. ("PixelRange"). After having unlawfully charged Plaintiff over $210,000 for its botched — and unlicensed — lighting work on her home, PixelRange then prolonged this litigation for nearly 18 months, forcing Plaintiff to spend good money to pursue the business that ripped her off. Fortunately, the California legislature has provided by statute for Plaintiff to recover her attorney's fees against PixelRange. Here, the very limited fees that Plaintiff seeks should be viewed as *per se* reasonable — especially in light of the dilatory conduct by PixelRange — and should be awarded in full.

**I. The Essential Claim on Which Plaintiff Prevailed Provides for Her to Recover Her Reasonable Attorney's Fees.**

Plaintiff's complaint included a claim under section 7160 of the California Business and Professions Code for Fraud in Inducement of Home Improvement Contract. (Dkt. 1.) This statute provides in relevant part that "[a]ny person who is induced to contract for a work of improvement, including but not limited to a home improvement, in reliance on false or fraudulent representations or false statements knowingly made, may sue and recover from such contractor or solicitor a penalty of five hundred dollars ($500), *plus reasonable attorney's fees*, in addition to any damages[.]" Cal. Bus. & Prof. Code § 7160 (emphasis added). Plaintiff's complaint alleged a host of fraudulent representations and false statements by PixelRange and included a request for such fees. (Compl. ¶¶ 12-13 & p. 11, ¶ D.)

In addition, based on PixelRange's lack of licensure as a contractor (Compl. ¶ 21), Plaintiff's complaint sought attorney's fees under section 1029.8 of the California Code of Civil Procedure, which provides that "[a]ny unlicensed person who causes injury or damage to another person as a result of providing goods or performing services for which a license is required" may, in the discretion of the court, be ordered to pay "*all* costs and attorney's fees to the injured person if that person prevails in the

action." Cal. Civ. Proc. Code § 1029.8(a) (emphasis added); *Rony v. Costa*, 210 Cal. App. 4th 746, 757 (Cal. Ct. App. 2012) (noting attorney's fee provision as part of statute's "potent civil remedy" against unlicensed contractors).

Here, having persuaded the Court to set aside its prior default — which PixelRange did, only to force Plaintiff to spend more time and money chasing it down — PixelRange is again in default. (Dkt. 90.) Under well-settled precedent, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.3d 915, 917-17 (9th Cir. 1987), quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). Thus, PixelRange is deemed to have admitted Plaintiff's allegations that the company fraudulently induced it to enter into a home improvement contract and that it was unlicensed.

Moreover, the Stipulated Judgment to which PixelRange agreed (Dkt. 97) specifically provides both that "Plaintiff Lisa Brown shall have judgment *on her complaint* against PixelRange in the amount of $220,984.03" and that such judgment shall consist of the specified damages "*plus attorney's fees* to be determined on a separate request" (*id.* [emphasis added]). Thus, there can be no dispute as to Plaintiff's entitlement to recover her attorney's fees.

## II. At a Minimum, Plaintiff Should Be Awarded the Attorney's Fees Provided under the Schedule in This Court's Local Rule 55-3.

Local Rule 55-3, which applies in general to judgments obtained through default, provides in relevant part that, "[w]hen a promissory note, contract *or applicable statute* provides for the recovery of reasonable attorneys' fees, those fees shall be calculated according to the following schedule":

| Amount of Judgment | Attorneys' Fees Awards |
|---|---|
| Over $100,000 | $5600 plus 2% of the amount over $100,000 |

L.R. 55-3 ("This schedule shall be applied to the amount of the judgment exclusive of costs."). In this case, when PixelRange failed to appear through replacement counsel by

May 9, 2016, as ordered by the Court (Dkt. 89), the clerk entered PixelRange's default (Dkt. 90), and Plaintiff prepared and filed a motion for default judgment, which PixelRange did not ever oppose. (Dkt. 93.) Indeed, in view of the strength of Plaintiff's motion, Plaintiff was able to compel PixelRange to stipulate to entry of judgment on the same terms as Plaintiff sought in her motion for default judgment. (Dkt. 97.)

Here, Plaintiff's judgment in the amount of $220,984.03 included $1,586.78 in costs. (Dkt. 97-1.) After subtracting this out, the amount of the judgment on which the scheduled fee award is to be calculated is $219,397.25. Taking the sum of $5,600 plus 2% of $119,397.25 (i.e., the amount of the judgment over $100,000) results in a scheduled fee award of $5,600 + $2,387.95 = $7,987.95. At a minimum, Plaintiff should be awarded these fees for her counsel's time in moving for a default judgment (for the second time, in fact, after PixelRange got the Court to set aside its original grant of default judgment) and in obtaining a judgment on those terms.[1]

The Court can readily see from the docket that Plaintiff's counsel spent considerable time on this case over 18 months, whether in responding to PixelRange or its counsel's procedural starts-and-stops or in reporting to the Court. Rather than spend more money seeking to persuade the Court of the value of her counsel's time in this case, however, for the sake of convenience and economy, Plaintiff simply and respectfully requests that the Court award the scheduled fees provided in L.R. 55-3 for her counsel's work through the date of the judgment against PixelRange (and without prejudice to any attorney's fees Plaintiff may later seek for her post-judgment efforts to enforce the judgment).

---

[1] In an attempt to avoid incurring the fees associated with preparing this motion, Plaintiff's undersigned counsel sought to stipulate with PixelRange to a greatly reduced award of attorney's fees. After taking a full month to even respond, PixelRange refused, indicating that it was "not willing to stipulate to *any* amount of attorneys' fees."

# CONCLUSION

For all of the foregoing reasons, Plaintiff requests that the Court award her the requested portion of her reasonable attorney's in the amount of $7,987.95.

Dated:     October 11, 2016         Respectfully submitted,

/s/ Michael Tenenbaum
_____
Michael Tenenbaum, Esq.
THE OFFICE OF MICHAEL TENENBAUM, ESQ.
*Counsel for Plaintiff Lisa Brown*